IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 06-cv-02288-LTB-MJW

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

Plaintiff,

v.

KIM MINOR,

Defendant.

---

**ORDER REGARDING
PLAINTIFF'S MOTION FOR SANCTIONS (DOCKET NO. 35)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**


This matter is before the court on Plaintiff's Motion for Sanctions (docket no. 35).

The court has reviewed the subject motion, response (docket no. 41), and reply (docket

no. 43). In addition, the court has taken judicial notice of the court's file and has

considered applicable Federal Rules of Civil Procedure and case law. The court now

being fully informed makes the following findings of fact, conclusions of law, and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff seeks sanctions against Defendant for Defendant's untimely cancellation

of the video deposition of Tom Marzalek that was set on September 26, 2007. After

carefully reviewing the motion, response, and reply along with the attached affidavits

submitted by the parties, it is clear that such affidavits from Christine Phillips, who is a

paralegal for Defendant's counsel, Kyle Bachus, and the affidavit from Randie Tellefsen, who is a paralegal for Plaintiff's counsel, Martha C. Ferris, are in direct conflict with each other. Here, the court finds that it is a "factual impossibility" that the affidavit of Ms. Phillips and the affidavit of Ms. Tellefsen are both correct.

The court has the inherent power to impose a variety of sanctions to promote judicial efficiency, regulate its docket, and deter frivolous filings. See Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1991); Resolution Trust Corp. v. Dabney, 73 F.3d 262, 265 (10th Cir. 1995). Under these facts, this court finds that both sides are equally responsible for a lack of communication resulting in the cancellation of Mr. Marzalek's deposition. Accordingly, each side should pay one-half of the expenses incurred for the court reporter's time and/or video technician's time that was incurred when the video deposition did not go forward on September 26, 2007.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff's Motion for Sanctions (docket no. 35) is **GRANTED** as follows;

2. That each party shall be responsible to pay one-half of the expenses incurred for the court reporter's time and/or video technician's time that was incurred when the video deposition did not go forward on September 26, 2007, and payment shall be made within five (5) days from the date of this Order;

3.      That the parties shall reschedule the deposition of Mr. Marzalek by the discovery cut-off date of February 15, 2008; and,

4.      That each party shall pay their own attorney fees and costs for this motion.

Done this 20th day of November 2007.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE