IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02288-LTB-MJW

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

Plaintiff,

v.

KIM MINOR,

Defendant.

---

**ORDER REGARDING
PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (DOCKET NO. 45)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter is before the court on Plaintiff's Motion for Protective Order (docket no. 45). The court has reviewed the subject motion and the response thereto (docket no. 53). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Plaintiff American Family ("Plaintiff") requests that this court enter a protective order preventing the dissemination, use, or distribution of American Family's video recorded depositions outside of this litigation.

In this case, Defendant Kim Minor ("Defendant") has noticed the videotaped depositions of Plaintiff's witnesses Tom Marszalek, Bethany Holstein, Linda Rucker,

and Michelle Barsness. Each of these witnesses are either employees and/or representatives of Plaintiff. Excerpts from these videotaped depositions were published to the general public in seminars and on television. *See* exhibits E, F, G, and H attached to the subject motion (docket no. 45). Each of these deponents is opposed to having their images and testimony aired on television and/or shown to groups of people not associated with this case. *Id.* The deponents are not public officials but private citizens.

Rule 26(c) of the Federal Rules of Civil Procedure authorizes the court to limit the discovery or dissemination of certain information. A protective order may be granted upon a showing of good cause ". . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). "Public access to discovery materials may be limited upon a showing of good cause." Taylor v. Solvay Pharmaceuticals, Inc., 223 F.R.D. 544, 547 (D. Colo. 2004).

Here, the court finds that a protective order should enter preventing the dissemination, use, or distribution of American Family's video recorded depositions outside of this litigation. See Drake v. Benedek Broadcasting Corp., 2000 WL156825 (D. Kan. Feb. 9, 2000) (where the court authorized issuance of a protective order to prohibit commercial use of a deposition taken during the litigation, noting that, "courts must be vigilant to ensure that its processes are not used improperly for purposes unrelated to their role."). In this case, Defendant and Defendant's counsel will not be permitted to use these videotaped depositions any further to promote their own

personal commercial gain and to attempt to obtain an advantage in this case through the mass media. Lawsuits are to be tried in the courts based upon competent admissible evidence and not in the media.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff's Motion for Protective Order (docket no. 45) is **GRANTED** as follows;

2. That the parties and their counsel to this case are prohibited from publicly disseminating any deposition videotape obtained by any party during this case or otherwise use such videotape deposition or depositions for any purpose outside of this litigation except by further Order of Court; and,

3. That each party shall pay their own attorney fees and costs for this motion.

Done this 10th day of December 2007.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE