IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02288-LTB-MJW

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

Plaintiff,

v.

KIM MINOR,

Defendant.

---

**ORDER REGARDING
DEFENDANT AND COUNTERCLAIM KIM MINOR'S MOTION TO COMPEL
(DOCKET NO. 91)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter came on for hearing on April 15, 2008, on the Defendant and Counterclaim Kim Minor's Motion to Compel (docket no. 91). The court has considered the subject motion (docket no. 91), the response (docket no. 97), and reply (docket no. 103). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. Lastly, the court has considered oral argument by the parties. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard on the subject motion (docket no. 91);

4. That this case involves allegations of bad faith surrounding the handling of a Colorado underinsured motorist insurance (UIM) claim. On May 25, 2002, the Defendant Kim Minor was involved in a high velocity collision that occurred when an underinsured driver made a left hand turn directly into the path of travel of the vehicle in which Ms. Minor was sitting.

5. That on December 17, 2002, a written demand was made by Defendant Kim Minor seeking recovery of the $75,000 in available UIM benefits against Plaintiff American Family Mutual Insurance Company;

6. That at issue in this case is whether Plaintiff American Family Mutual Insurance Company adopted and implemented reasonable written standards for the prompt investigation of UIM claims. See § 10-3-1104, C.R.S., *et seq.*;

7. That Defendant Minor's Request for Production of Documents ("RFP") numbered 1, 16, 17, and 18 are relevant as they may show: (1) whether Plaintiff American Family Mutual Insurance Company complied with its obligation to adopt and implement written standards; (2) if so what those written standards required of American Family Mutual Insurance Company's claims handlers; (3) whether the written standards as adopted are reasonable, in light of

the affirmative obligations owed to its insured; and, (4) whether in the handling of the Defendant Kim Minor claim, American Family Mutual Insurance Company's UM claims department complied with its own written standards and procedures;

8. That at this hearing, counsel for Plaintiff American Family Insurance Company indicated the following. As to RFP #1, there is nothing left to deliver. As to RFP #16, there are no documents. As to RFP #17, the materials requested from Defendant Minor do not fall under RFP #17. As to RFP #18, there are no other documents;

9. That the materials requested from Defendant Minor as further outlined on the record by counsel for Defendant Minor do fall within the scope of RFP #17 and have not been delivered to Defendant Minor;

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendant and Counterclaim Kim Minor's Motion to Compel (docket no. 91) is **GRANTED IN PART AND DENIED IN PART**. The motion is GRANTED as to RFP #17. Plaintiff American Family Mutual Insurance Company shall provide to Defendant Kim Minor all documents as outlined on the record by Defendant Minor as it relates to RFP #17 on or before May 16, 2008. In addition, if

Plaintiff believes that any of these documents are privileged, then Plaintiff shall provide Defendant with a privilege log on or before May 16, 2008, and such privilege log shall include the Bates-labeled page numbers for each document withheld under a claim of privilege, along with the disclosure of sufficient information with respect to each page of every document withheld to allow reasonable assessment to be made with respect to the availability of the claimed privileged document.  In addition, Plaintiff shall provide Defendant with a privilege log on or before May 16, 2008, of all documents withheld as to RFPs numbered 1, 16, and 18, and such privilege log shall include the Bates-labeled page numbers for each document withheld under a claim of privilege, along with the disclosure of sufficient information with respect to each page of every document withheld to allow reasonable assessment to be made with respect to the availability of the claimed privileged document.  The remainder of the motion is DENIED;

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 30th day of April 2008.

BY THE COURT

S/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE